UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLEMAN-TOLL LIMITED PARTNERSHIP, a Nevada limited partnership,<br><br>            Plaintiff,<br><br>vs.<br><br>ADMINISTRATION FOR COMMUNITY LIVING, DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ADMINISTRATION FOR COMMUNITY HOUSING,<br><br>            Defendants. | Case No.  2:15-cv-02148-GMN-GWF<br><br>**FINDINGS AND RECOMMENDATIONS** |

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. #16) against Defendant Administration for Community Housing (hereinafter "Defendant ACH"), filed on January 25, 2016.  No response to the Motion was filed.  The Court conducted a hearing in this matter on February 29, 2016.  This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**Background**

Plaintiff brought this action to quiet title in real property located in Clark County, Nevada against Defendant ACH and Defendant Administration for Community Living, a United States government agency within the Department of Health and Human Services (hereinafter "Defendant ACL").[1]  *See Complaint (Dkt. #1).*  The Complaint alleges that on April 20, 2007, Plaintiff obtained

---

[1] Defendant ACL was served with the Summons and Complaint on November 12, 2015.  Defendant ACL represents that it believes it has no rights or interests in the real property involved in this litigation, but has refrained to file a disclaimer of interest until the Court rules on the Plaintiff's instant motion.  *See Stipulation and Order Extending Deadline to Respond to Plaintiff's Complaint (Dkt. #20).*

real property through a grant, bargain, sale deed (hereinafter "Real Property").[2] *Id*. at pg. 3, ¶ 11. This Real Property is in the master-planned community known as Inspirada, located in Henderson, Nevada. *Id*. at pg. 2, ¶ 10. On September 18, 2015, an unknown individual recorded a trustee deed (hereinafter "Fraudulent Deed") with the Clark County Recorder that fraudulently conveyed Plaintiff's Real Property to the United States of America and Defendant ACH. *Id*. at pg. 3, ¶¶ 13–14. Plaintiff alleges that Defendant ACH is not a valid government entity. Rather, Plaintiff believes Defendant ACH is the unknown person who recorded the Fraudulent Deed, which listed ACH as the grantee in an attempt to fraudulently impersonate Defendant ACL. *Id.* at pg. 3, ¶ 15. Plaintiff asserts that the Fraudulent Deed was neither recorded nor executed by anyone acting on behalf of Plaintiff or on behalf of Defendant ACL. *Id.* at pg. 4, ¶¶21–22.

Plaintiff filed its Complaint (Dkt. #1) on November 10, 2015. On November 10, 2015, the Clerk of Court issued a Summons (Dkt. #5) against Defendant ACH. On November 30, 2015, this Court grant Plaintiff's *Ex Parte* Motion for Order Authorizing Service of Defendant ACH by Publication (Dkt. #9). *See Order (Dkt. #10).* On January 7, 2016, Plaintiff filed a Notice of Proof of Service of Defendant ACH Via Publication (Dkt. #11). Defendant ACH did not file a responsive pleading, and upon Plaintiff's Motion (Dkt. #14), the Clerk of Court entered default against it on January 20, 2016. *See Clerk's Entry of Default (Dkt. #15).* Based on Defendant ACH's failure to answer or otherwise appear before this Court, Plaintiff now seeks an order pursuant to Federal Rule of Civil Procedure 55(b), awarding a default judgment against Defendant ACH and requests a declaration that the Fraudulent Deed is neither valid nor enforceable by Defendant ACH and that it has no force or effect in conveying any interest in Plaintiff's Real Property to Defendant ACH.

## Discussion

### I. Adequacy of Service of Process

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685,

---

[2] The real property parcels bear the APN numbers 191-11-812-033, 191-11-812-034, and 191-11-812-035.

688 (9th Cir. 1988).  Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action.  According to Rule 4, a corporation may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Further, Rule 4 provides that the state statutes in the state in which the District Court is located are followed in matters pertaining to service of summons by publication.  Nevada Rule of Civil Procedure 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. Nevada Rule of Civil Procedure 4(e)(1)(ii) states that service by publication is valid for "any action which relates to, or the subject of which is, real or personal property."

Here, the Notice of Proof of Service of Defendant ACH Via Publication (Dkt. #11) states that Plaintiff served the Summons and Complaint on Defendant ACH by publication in the Las Vegas Review Journal and/or the Las Vegas Sun on December 4, 2015, December 11, 2015, December 18, 2015, and December 25, 2015.  Therefore, service of process was adequate.

**II.     Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the clerk of the court must enter default against the party.  Fed. R. Civ. P. 55(a).  Second, the party seeking default judgment must petition the district court for entry of a default judgment.  Fed. R. Civ. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake

in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C). In this case, the Clerk entered a default against Defendant ACH on January 20, 2016. *See Clerk's Entry of Default (Dkt. #15)*. Thus, the Court will evaluate the *Eitel* factors.

### A.  Possibility of Prejudice to the Plaintiff

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendant ACH has failed to appear since December 25, 2015. As a result, Plaintiff "will likely be without other recourse for recovery" if default judgment is not entered in its favor. *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). In addition, by failing to answer or otherwise respond to the Complaint, Defendant ACH is deemed to have admitted the truth of Plaintiff's averments. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

### B.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a).

782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

### 1. Declaratory Relief and Quiet Title Pursuant to 28 U.S.C. § 2409a

Plaintiff's Complaint asserts a cause of action for declaratory relief. This is a claim upon which relief can be granted, and Plaintiff has sufficiently pled this claim to fulfill the requirements of Federal Rule of Civil Procedure 8. To obtain a declaratory judgment under the Declaratory Judgment Act, (1) there must be a substantial justiciable controversy, (2) between parties whose interests are adverse, and (3) the issue involved in the controversy must be ripe for judicial determination. *See Vignola v. Gilman*, 804 F.Supp.2d 1072 (D.Nev. 2011); 28 U.S.C.A § 2201(a).

Along the same line, Plaintiff's Complaint asserts a cause of action to quiet title pursuant to 28 U.S.C. § 2409a. This is a claim upon which relief can be granted, and Plaintiff has sufficiently pled this claim to fulfill the requirements of Federal Rule of Civil Procedure 8. 28 U.S.C. § 2409a(d) provides that the "complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."

The Complaint alleges that Plaintiff's legal rights and interests in the Real Property, which it obtained through a grant, bargain, and sale deed on April 20, 2007, have been divested because the Fraudulent Deed purports to convey the Real Property to Defendant ACH and ACL. *See Complaint (Dkt. #1)*. The Complaint asserts that Plaintiff maintains its legal interest in the Real Property because Plaintiff never conveyed its ownership interests. *Id*. at pg. 5, ¶ 23. Defendant ACH has a purported legal interest in the property because the Fraudulent Deed names Defendant ACH as the grantee of the Real Property. *Id*. at ¶ 26. Thus, Plaintiff and Defendant ACH's interests are adverse to one another. *Id.* at ¶ 27. Finally, this matter is ripe for judicial determination because the Fraudulent Deed clouds Plaintiff's title in the Real Property. *Id*. at ¶ 24.

Plaintiff has sufficiently pled the elements to obtain a declaratory judgment and to quiet title as it relates to the purported interest of Defendant ACH. Plaintiff has further demonstrated the merits of its claim. Therefore, the second and third *Eitel* factors weigh in favor or entering a default against Defendant ACH.

. . .

### C. Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

This is a case seeking to quiet title in real property. Plaintiff does not seek a monetary judgment, but rather, seeks a declaratory judgment that the Fraudulent Deed is invalid, unenforceable, and of no force or effect as it applies to Defendant ACH or Defendant ACL. As such, this factor is not applicable to the Court's analysis.

### D. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts. 782 F.2d at 1471–72. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Defendant ACH has not answered the Complaint, and nothing in the record indicates that any of the material facts regarding Defendant ACH are in dispute. Therefore, accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect. 782 F.2d at 1472. Plaintiff, through no fault of its own, was unable to personally serve Defendant ACH. As a result, Plaintiff properly completed service of the Summons and Complaint on Defendant ACH by publication on December 25, 2015. Defendant ACH has since failed to avail itself of an opportunity to appear in this action and defend against the allegations contained in the Complaint. Therefore, this factor weighs in favor of entry of a default judgment.

### F. The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, the mere existence of Rule 55(b) indicates that this preference is not dispositive. *Cal. Security Cans*, 238 F. Supp. 2d at 1177. Here, Plaintiff has no opportunity to try its case on the merits when Defendant ACH has repeatedly failed to respond or otherwise defend itself in this action. Therefore, this factor weighs in favor of entry of a default judgment.

## Conclusion

Based on the foregoing, the Court finds that Plaintiff's service of process on Defendant ACH was adequate. The Clerk of Court entered the default against Defendant on January 20, 2016. *See Clerk's Entry of Default (Dkt. #15)*. Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is appropriate.

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (Dkt. #16) be **granted** and that judgment be entered in favor of Plaintiff that the Fraudulent Deed is invalid and unenforceable and had no force or effect in conveying any interest in Plaintiff's Real Property to Defendant ACH.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to enter judgment accordingly.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of March, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge